IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02291-MEH

PAUL KAMAU RUNANU,

      Plaintiff,

v.

BARBARA BROHL, Executive Director, Colorado Department of Revenue, and
CYNTHIA COFFMAN, Colorado Attorney General,

      Defendants.

---

## ORDER GRANTING MOTION TO STAY DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Stay Discovery [filed November 13, 2015; docket #9]. The Court finds that further briefing and oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion.

## BACKGROUND

On October 15, 2015, Plaintiff initiated this civil rights action *pro se* against the Defendants. Essentially, Plaintiff's claims arise from a traffic stop where a police officer who suspected Plaintiff was driving while under the influence, asked Plaintiff to choose between a breathalyzer test and a blook test. Docket #1 at 2. Plaintiff alleges his Fifth Amendment rights were violated because he was not allowed to consult with a lawyer before submitting to the blood draw. *Id*. at 3. Plaintiff further alleges his Eighth Amendment rights were violated because he experienced pain when a nurse looking for a vein hurt him while attempting to draw his blood for the test. *Id*.

The Defendants filed a pending Motion to Dismiss, including arguments that Plaintiff's claims are barred by the Eleventh Amendment, qualified immunity, the *Rooker-Feldman* doctrine,

and *Younger* abstention.  Docket #5 at 3-9.  In the present Motion, the Defendants claim that a temporary stay pending resolution of the jurisdictional issues raised in their Motion to Dismiss is appropriate to avoid any undue burden and expense of discovery should they be summarily dismissed from the case.  *See generally* docket #9. The Court agrees with the Defendants.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'"  *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation.  *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

Moreover, courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.  *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (imposing a temporary stay of discovery pending resolution of a motion

to dismiss for lack of personal jurisdiction).  On balance, the Court finds that any potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the Motion to Dismiss is pending. The Court finds that a temporary stay of discovery is justified and will be imposed in this case.

## III.   Conclusion

Accordingly, for the reasons stated above, it is hereby **ordered** that the Defendants' Motion to Stay Discovery [filed November 13, 2015; docket #9] is **granted**.  A temporary stay of discovery is hereby imposed pending resolution of the Defendants' Motion to Dismiss.

Dated at Denver, Colorado, this 16th day of November, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge