IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02291-WJM-MEH

PAUL KAMAU RUNANU,

    Plaintiff,

v.

BARBARA BROHL, Executive Director, Colorado Department of Revenue, and
CYNTHIA COFFMAN, Colorado Attorney General,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Motion to Dismiss the Complaint ("Motion") [filed November 5, 2015; docket #5]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.(c), the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)).

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this suit by filing his Complaint on October 15, 2015, alleging that on May 23, 2015, Officer Kenneth Koski of the Fort Collins [Colorado] Police Services, pulled him over for driving with a broken taillight. Docket #1 at 2, 5. Officer Koski, suspecting Plaintiff to have been driving under the influence, asked Plaintiff to choose between taking a blood test or a breathalyzer test. *Id.* at 2. Plaintiff asked for a lawyer "so as to know what the pros and cons for each method were." *Id.* Officer Koski informed Plaintiff that requesting a lawyer would amount to a refusal to take the test and would result in a revocation of his license to drive. *Id.* Plaintiff then agreed to a blood test. *Id.* Plaintiff asked Officer Koski to video record the blood draw, which Officer Koski said he would do. *Id.*

During the blood draw attempt, the nurse at the local hospital where the test was to be conducted had difficulty finding an adequate vein. *Id.* Plaintiff told the nurse and the officer that the process of the nurse "poking different spots and moving the needle while inside [his] arm searching for [his] veins" was "really painful," so Plaintiff suggested the nurse try the other arm. *Id.* Officer Koski told him to "let the nurse do her job." *Id.* Plaintiff asserts that he at this point "requested to talk to a lawyer[,] and Officer Koski said that was not going to happen." *Id.* The nurse continued to search for a vein until, as Plaintiff indicates, "the pain became unbearable and [Plaintiff] said [he] could not continue anymore without seeing a lawyer and knowing what [his] options were." Officer Koski again told Plaintiff that according to Colorado law, requesting a lawyer would be taken as a refusal, which would lead to the Colorado Department of Revenue revoking Plaintiff's license to drive. *Id.* Plaintiff did not relent, and Plaintiff's license was in fact revoked by the Colorado Department of Revenue as a result. Docket #14 at 2. Officer Koski later

said that the recording of the attempted blood draw was missing.  Docket #1 at 3.

Plaintiff's Complaint alleges that Defendant Cynthia Coffman (the Colorado Attorney General) and Defendant Barbara Brohl (Executive Director of the Colorado Department of Revenue) violated (1) his Fifth Amendment rights by not allowing him to consult with a lawyer before the blood draw, and (2) his Eighth Amendment rights because the nurse caused him pain while looking for a vein.  *Id*. at 3.  Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2403.  *Id*. at 2.  He seeks the following relief: that he be given $100,000 in compensatory damages; that the Colorado Department of Revenue reverse the revocation of his license; that Colorado drop all charges against him arising from his arrest in this incident; and that Colorado's expressed consent statute (Colo. Rev. Stat. § 42-4-1301.1 (2015)) be found unconstitutional unless changes are made to it.  *Id*. at 3-4.

Defendants on November 5, 2015, filed the present Motion on the grounds that any claims against Defendants in their official capacity are barred by sovereign immunity insofar as this is an action for money damages, and insofar as they allegedly violated federal law in the past.  Docket #5 at 3.  Defendants also argue that to the extent Plaintiff asserts his claims based on Defendants' individual capacities, the claims are barred by qualified immunity.  *Id*. at 4.  However, while Plaintiff's Complaint did not clarify under which capacity(ies) he brought his claims, his Response to the current Motion made clear the Defendants "are sued in their official capacities only."  Docket #14 at 3.  Therefore, the Court addresses only issues involving claims against Defendants in their official capacities.

## LEGAL STANDARD

I.  **Dismissal under Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a facial attack on this Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff

has set forth a plausible claim.  *Khalik*, 671 F.3d at 1191 .

### III.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id*.; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded") (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Manchus v. Conklin,* 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)). Defendants' Motion contains both a 12(b)(1) and a 12(b)(6) analysis, as the Complaint was unclear as to the capacity in which Plaintiff brought his claims.  Docket #5 at 3.  However, Plaintiff's

clarification in his Response that he sues Defendants only in their official capacities [*see* docket #14 at 3] enables the Court to address only the issues of sovereign immunity, not qualified immunity, the latter of which would be applicable to individual capacity claims.  With respect to official-capacity claims, Defendants argue they are absolutely immune from liability pursuant to the doctrine of sovereign immunity.  Docket #5 at 3.

Claims against state officials in their official capacities are essentially claims against the state entity.  *Ky. v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and quotations omitted). It is well-established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies.  *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 785-86 (1991). Thus, an official-capacity lawsuit is appropriate only where the claims could be sustained against the entity in its own name.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of their federal rights. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908). But *Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487,

495 (10th Cir. 1998) (citations and quotations omitted).

Here, Plaintiff specifically seeks monetary damages from Defendants and a declaration that the state officers violated his rights in the past, which he argues generally should lead to a revision in Colorado law. The Court agrees with Defendants that these claims are barred by sovereign immunity. Plaintiff does not argue otherwise. *See generally* docket #14. While Plaintiff makes many allegations broadly asserting he was wronged, the Court lacks jurisdiction over official-capacity claims against these state Defendants because sovereign immunity applies. Thus, Defendants' 12(b)(6) arguments need not be considered as they are moot because the Court lacks jurisdiction over the case.

## CONCLUSION

Therefore, based on the foregoing, and the entire record herein, this Court **recommends** that the District Court **grant** the Defendant's Motion to Dismiss [filed November 5, 2015; doc #5], dismissing the case with prejudice.

Entered and dated at Denver, Colorado, this 23rd day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge